Curia, per

Earle, J.
The question is upon the construction of the Act of 1819, (b) concerning the performance of patrol duty, and of 1833, to provide for the military organization of the State ; and although the Act of 1831 has made it certain that no such case can arise again, yet as the relator complains of having been subjected to a mode of trial, under the Act of 1833, which was unlawful, it becomes necessary to inquire if the court martial had rightful jurisdiction. The Act of 1819 concerning the performance of patrol duty, requires the commanding officer of every beat company, at every regular petty muster, to prick off from the roll of each patrol district any number of persons, at his discretion, to perform patrol duty until the next regular petty muster ; and shall appoint some prudent and discreet person as commander; and in case either shall fail to perform the duty required, imposes a penalty of thirty dollars, to be recovered by indictment. Another section provides that each captain of patrol shall make a return, upon oath, of the performance of his duties as commander of the patrol, to the captain of the beat company, at the regular times required by the Act, under the penalty of twenty dollars, to be recovered by indictment.
*By the Act of 1833, to provide for the military organization of the State, it is alleged that a different tribunal has been provided for the trial of defaulters in relation to patrol duty ; and to understand the question, as well as the solution of it, reference must be made to the words of the Act. “ Sec. 30. Each colonel of a regiment shall have power to order courts martial, for the trial of all officers under his command, except field officers, to consist of not less than five nor more than thirteen officers, one of whom shall be a field officer. And it shall be his duty to detail courts martial, to consist of at least three commissioned officers, who shall meet, &c., to try all defaulters at company, battalion or regimental musters ; and all non-commissioned officers, privates or fatigue men, for the non-performance or violation of any duty required by law, as well as for disobedience of orders, and for non-performance of patrol duty.” The argument in behalf of the relator is, that in as much as the particular default charged against him is not enumerated amongst the subjects of jurisdiction assigned to the courts martial, the mode of proceeding by indictment under the Act of 1819 is not taken away. But it should be kept in mind, in construing these Acts, that *47 the system of patrol duty has been engrafted upon, and forms part of, the militia system; and although in point of fact the duties are apparently very dissimilar in their character and objects, and those of the patrol seem to belong to the citizen rather than the soldier, yet the system of patrol has always in this State been regarded as a military police, and to be an appendage of the militia organization. The patrol districts are to be laid off within the beat companies, by the captains, who are required to make and keep a roll of persons liable in each district to perform patrol duty ; and at every regular petty muster, to prick off those who shall perform the duty until the next muster ; and the 7th, 8th and 9th sections enact certain, penalties on the patrol men for neglect of duty, to be imposed by the company courts martial. It seems to have been a departure from the spirit of the Act to proceed by indictment against the captain of the beat for not appointing the patrol, or the captain of the patrol for. not performing the duty required. And when we come to examine the Act of 1833, on the jurisdiction of courts martial, it will seem reasonable to conclude that the purpose of the Legislature was to produce ^entire uniformity in the system, by subjecting all who were required to perform any duty in relation to the patrol to the same species of military cognizance. There can be no reason why a private patrol man should be tried by a court martial, for disobedience of orders or neglect of duty, and his captain of patrol should be tried by indictment, for not turning out once a fortnight, or for not making his return at the next company muster. The terms of the Act of 1833 are abundantly comprehensive — “ to try all defaulters at company, battalion, or regimental musters; and all non-commissioned officers, privates or fatigue men, for the non-performance of any duty required by law, as well as for disobedience of orders, and for non-performance of patrol duty.”(a) The captain of patrol is required to make his return ou oath, at the regular company muster ; and whether he be styled non-commissioned officer or private, he has been guilty of a default at a company muster, has failed to perform a duty required of him by law, in relation to the patrol, and comes within the class of persons subject to the jurisdiction of company courts martial. That this is more explicitly declared by the 10th section of the Act of 1837, does not weaken the view taken by the Judge below, or by the Court here. It was doubtless intended to remove doubts which might arise on the former Acts ; declaratory only of what the intention of the Legislature was. The leaning of Courts is to extend and sustain the right of trial by jury ; but it should not be forgotten that courts military, or courts martial, are also a part of the law of the land within the meaning of the constitution and of magna charla, and form the most appropriate tribunal for all that class of offences which is created by the patrol laws, so inseparably connected with the laws regulating the militia
Williams, for the motion. Alston, contra.
The judgment of the Court below is affirmed.
Gantt, Richardson, Evans and Butler, JJ., concurred : O’Neall, J., dissented.

 8 Stat. 538. An.

 Post, 502.

 See Act of 1839, 11 Stat. 61. An.